UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------
THE RESOURCE MINE, INC.,

                       Plaintiff,              **MEMORANDUM AND ORDER**
                                                                    **09-CV-0573 (DRH) (SIL)**

       -against-

GRAVITY MICROSYSTEM LLC,
GRAVITY MICROSYSTEM PRIVATE
LIMITED, VINAY PRAKASH SINGH,
VIVEK GAUR, JOHN DOES 1-10,
NAVEEN KHARB,

                       Defendants.

----------------------------------------------------X
**APPEARANCES:**

**For the Plaintiff:**
**LAW OFFICES OF MEGHA D. BHOURASKAR, P.C.**
139 Fulton Street, Suite 902
New York, NY 10038
By:    Megha Bhouraskar, Esq.

**For the Defendants:**
**RICHARD PU**
120 E. 90th Street, 10c
New York, NY 10128
By:    Richard Pu, Esq.

**Hurley, Senior District Judge:**

       Plaintiff the Resource Mine ("Resource") commenced this action against defendants Gravity Microsystem LLC ("Gravity USA"), Gravity Microsystem Private Limited ("Gravity India"), Vinay Prakash Sing ("Vinay"), Vivek Gaur ("Vivek"), and Naveen Kharb ("Naveen") alleging claims of conversion, breach of contract, and unjust enrichment. On December 12, 2013, this Court referred plaintiff's motion pursuant to Federal Rule of Civil Procedure ("Rule") 15 to amend the complaint to add a fourth claim for tortious interference of contract against all

defendants to Magistrate Judge Wall. On June 27, 2014, Judge Wall issued a Report and Recommendation granting plaintiff's motion with respect to the tortious interference claim against Naveen, but denying it with respect to all other defendants. Presently before the Court is Naveen's July 7, 2014 objections to Judge Wall's ruling. For the reasons set forth below, Naveen's objections to Judge Wall's ruling are denied.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history as set forth in Magistrate Judge Wall's Report and Recommendation.

## DISCUSSION

### I.   *Legal Standard*

Rule 72(b)(3) provides that "a district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U .S.C. § 636(b)(1)(B). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "The *de novo* review requires the district court neither to 'rehear the contested testimony' nor to 'conduct a new hearing on contested issues.' " *Gutman v. Klein,* 2010 WL 4916722, at *1 (E.D.N.Y. Nov. 24, 2010) (quoting *United States v. Raddatz,* 447 U.S. 667, 674–75 (1980)). Moreover, even on a *de novo* review, a district court will generally "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo,* 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting *Haynes v. Quality Markets,* 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)) (internal quotation marks and alteration omitted).

With respect to the portions of Magistrate Judge Wall's Report and Recommendation that have not been objected to, the Court's review has been for clear error, and having found none, those portions are adopted. *See Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 331 (S.D.N.Y. 2006) (citing Fed. R. Civ. P. 72(b)).

## II. *Naveen's Objections*

Naveen "objects to the recommendation that [Resource] be permitted to amend its complaint to add a tortious interference claim against [Naveen]." (Mem. in Obj. ("Obj.") at 1.) Naveen argues that such an amendment would be futile because plaintiff's proposed amended complaint ("PAC") against him fails to state a plausible claim for tortious interference of contract. "[T]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss." *Crippen v. Town of Hempstead,* 2009 WL 803117, at *1 n. 1 (E.D.N.Y. Mar. 25, 2009).

In recent years, the Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 678 (quoting and citing Twombly, 550 U.S. at 556–57) (internal citations omitted).

In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

**A. Tortious Interference**

Under New York law, a tortious interference of contract claim must allege "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Albert v. Loksen,* 239 F.3d 256, 274 (2d Cir. 2001). Plaintiff must also allege that the breach would not have occurred "but for" the conduct of the defendants. *Sharma v. Skaarup Ship Mgmt. Corp.,* 916 F.2d 820, 828 (2d Cir. 1990).

**1. The PAC plausibly alleges that Naveen Acted Beyond the Scope of His Authority**

The PAC alleges that Naveen "tortuously interfered with the Joint Venture Agreement and the Consultancy Agreement," (PAC ¶ 72), however Naveen's objections address only the Joint Venture Agreement. Naveen does not dispute that the Joint Venture Agreement was a valid contract between the parties or that he had knowledge of the contract. He does, however, contend that he was not a "third party" for purposes of the second and third prongs of a tortious interference claim because he was an employee of Resource and an agent of Gravity USA, both parties to the agreement. Generally, an employee/agent of a party to a contract is not considered a third party unless the plaintiff can "show that the [employee/agent] has exceeded the bounds of his or her authority." *Finley v. Giacobbe*, 79 F.3d 1285, 1295 (2d Cir. 1996).

Here, plaintiff has alleged that Naveen was an employee of Resource Mine, a party to the Joint Venture Agreement. However, plaintiff has also alleged sufficient facts to state a plausible claim that Naveen acted outside the scope of his authority as an employee of Resource Mine and interfered with the Joint Venture Agreement. Specifically, plaintiff alleges that Naveen received at his home address client monies that were rightfully due to Resource pursuant to the Joint Venture Agreement. Moreover, Naveen deposited these monies into a secret HSBC bank account, thereby diverting them from Resource without its knowledge. Furthermore, given the

5

facts as alleged in the PAC, the Court at this stage rejects Naveen's argument that he was acting within the scope of his authority as an agent of Gravity USA as it is not supported by the facts alleged in the PAC. Naveen bases this agency theory on a page on Gravity USA's website that identifies him as the leader of "Gravity's Application Structure and Technology Service Line." This document is included in Resource's Appendix to its Motion to Amend, but is not attached to the PAC. As a result, that document is not within the Court's purview on this motion.[1] Therefore, the Court rejects Naveen's objections to the tortious interference claim against him based on the theory that he acted within the scope of his authority.

2. **Naveen's Economic Interest Defense Is Not Apparent on the Face of the PAC**

Naveen also argues that the Court should not permit a tortious interference claim against him based on the fact that as a shareholder of Gravity India, a party to the Joint Venture Agreement, he had an economic interest in interfering with the agreement in order to divert funds to Gravity India. When faced with a tortious interference claim, "[a] defendant may raise the economic interest defense – that it acted to protect its own legal or financial stake in the breaching party's business." *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 426 (2007). Generally, however, "affirmative defenses require consideration of facts outside of the complaint and are inappropriate to consider on a motion to dismiss, unless 'the facts necessary to establish the defense are evident on the face of the complaint.'" *Balance Point Divorce Funding, LLC v. D. Scrantom*, 978 F. Supp. 2d 341, 350 (S.D.N.Y. 2013) (citing

---

[1] As noted above, "[T]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss." *Crippen,* 2009 WL 803117, at *1 n. 1. Generally, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may only consider facts stated in the complaint or "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *see also Gillingham v. Geico Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan.18, 2008). Since the document at issue is not attached to the PAC or incorporated in it by reference, the Court will not consider it in its analysis.

*Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)). Here, the Court cannot conclude that Naveen's economic interest defense is evident on the face of the PAC. Though the PAC alleges that Naveen was a shareholder of Gravity India and diverted funds were transferred to Gravity India, it also alleges that either some or all of these funds were "withdrawn in cash and/or transferred to third parties outside of the U.S. for the personal benefit/gain of . . . Naveen." (PAC ¶ 11.) This would suggest that Naveen acted in furtherance of his own personal interest and not solely or at all in pursuit of an economic interest in Gravity India. "Because the [PAC] alleges an alternative motivation for [Naveen's] actions, it is inappropriate to consider a defense of economic justification at this time." *Balance Point*, 978 F. Supp. 2d at 350.

## Conclusion

For the foregoing reasons, Naveen's objections to Magistrate Judge Wall's Report and Recommendation are denied. Plaintiff shall file its third amended complaint within thirty (30) days of this Order. Defendants' Motion to Dismiss has been held in abeyance pending the outcome of this motion. Within forty-five (45) days of this Order, defendants shall advise the Court whether given the filing of the third amended complaint, additional briefing on the motion to dismiss is required or whether the Court should proceed on the original motion to dismiss as it applies to the third amended complaint.

**SO ORDERED.**

Dated: Central Islip, New York
December 11, 2014

_____/s/_____
Denis R. Hurley
United States District Judge