UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------
THE RESOURCE MINE, INC.,

                        Plaintiff,                  **MEMORANDUM AND ORDER**
                                                       **09-CV-0573 (DRH) (SIL)**
      -against-

GRAVITY MICROSYSTEM LLC,
GRAVITY MICROSYSTEM PRIVATE
LIMITED, VINAY PRAKASH SINGH,
VIVEK GAUR, JOHN DOES 1-10,
NAVEEN KHARB,

                            Defendants.

---------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
**LAW OFFICES OF MEGHA D. BHOURASKAR, P.C.**
139 Fulton Street, Suite 902
New York, NY 10038
By:    Megha Bhouraskar, Esq.

**For the Defendants:**
**RICHARD PU**
120 E. 90th Street, 10c
New York, NY 10128
By:    Richard Pu, Esq.

**Hurley, Senior District Judge:**

        Plaintiff the Resource Mine ("Resource") commenced this action against defendants Gravity Microsystem LLC ("Gravity USA"), Gravity Microsystem Private Limited ("Gravity India"), Vinay Prakash Sing ("Vinay"), Vivek Gaur ("Vivek"), and Naveen Kharb ("Naveen") alleging claims of conversion, breach of contract, and unjust enrichment. On December 12, 2013, this Court referred plaintiff's motion pursuant to Federal Rule of Civil Procedure ("Rule") 15 to amend the complaint to add a fourth claim for tortious interference of contract against all

defendants to Magistrate Judge Wall. On June 27, 2014, Judge Wall issued a Report and Recommendation granting plaintiff's motion with respect to the tortious interference claim against Naveen, but denying it with respect to all other defendants. On December 11, 2014, the Court adopted that Report and Recommendation and rejected Naveen's objections to it ("the December Order"). Presently before the Court is Naveen's December 12, 2014 motion for reconsideration of the December Order. For the reasons set forth below, Naveen's motion for reconsideration is denied.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history as set forth in Magistrate Judge Wall's Report and Recommendation and the December Order.

## DISCUSSION

### I. Legal Standard

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat

"arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y.1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for . . . reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II. *Naveen's Motion*

Naveen moves for reconsideration on three grounds. First, he argues that in analyzing whether plaintiff's proposed amended complaint ("PAC") stated a claim for tortious interference[1] against him the Court "overlooked a requirement that the defendant's actions be 'without justification.' " (Naveen's Mem. in Supp. at 1.) Naveen argues that he acted with justification as he engaged in "legitimate acts to prevent [Resource] from stealing Gravity USA's clients." (*Id*. at 3.) This is, however, simply Naveen's argument, and it does not negate plaintiff's properly plead allegations that Naveen tortiously interfered in the Joint Venture Agreement without justification for his own personal gain.

Naveen also argues that the Court wrongly rejected his argument that he cannot be held liable for tortious interference because he is not a third party to the Joint Venture Agreement. Naveen argues that he was not a third party because he was an agent of Gravity USA, a party to the Joint Venture Agreement. Specifically, Naveen argues that the Court should have considered "a page from Gravity's website identifying [him] as the leader of 'Gravity's Application Structure and Technology Service Line,' " which had been submitted to the Court by Resource

---

[1] Plaintiff alleges that Naveen tortiously interfered in the "Joint Venture Agreement," which laid out the terms of the arrangement between Resource, Vinay, Vivek, Gravity India, and Gravity USA to hire computer professionals from India to work for Resource in the U.S.

3

as part of its motion to amend. (Naveen's Mem. in Supp. at 3.) Even if the Court had considered this document and determined that Naveen was an agent of Gravity USA, as the Court noted in the December Order, an agent may be liable for tortious interference where he acts outside the scope of his authority. *See Barbara v. MarineMax, Inc.*, 2012 WL 6025604, at *18 (E.D.N.Y. Dec. 4, 2012). Here, the PAC plausibly alleges that Naveen exceeded the bounds of his authority as Application Structure and Technology leader in assisting to divert funds due to Resource to Gravity India and to himself for his own personal gain. Therefore, the tortious interference claim against him remains viable.

Finally, Naveen argues that the PAC "fails to allege a plausible claim that the breach [resulting from the alleged tortious interference] would not have occurred 'but for' [his] conduct." (Naveen's Mem. in Supp. at 4.) Specifically, Naveen argues that "had [he] not acted, [for example, in providing his address to be used in the receipt of client remittances], Vinay or Vivek would have acted in his stead." (*Id*. at 5.) This argument evidences a misunderstanding of "but for" causation. Given the facts as alleged, had Naveen not provided his address to receive the diverted funds, the breach would not have occurred.

## Conclusion

For the foregoing reasons, Naveen's motion for reconsideration is denied. Within thirty (30) days of this Order, defendants shall advise the Court whether additional briefing on the motion to dismiss is required given the filing of the third amended complaint.

**SO ORDERED.**

Dated: Central Islip, New York
      April 24, 2015                                   _____/s/_____
                                                                              Denis R. Hurley
                                                                              United States District Judge