UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------
THE RESOURCE MINE, INC.,

                      Plaintiff,         **MEMORANDUM AND ORDER**
                                              **09-CV-0573 (DRH) (SIL)**

    -against-

GRAVITY MICROSYSTEM LLC,
GRAVITY MICROSYSTEM PRIVATE
LIMITED, VINAY PRAKASH SINGH,
VIVEK GAUR, JOHN DOES 1-10,
NAVEEN KHARB,

                      Defendants.

---------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
**LAW OFFICES OF MEGHA D. BHOURASKAR, P.C.**
139 Fulton Street, Suite 902
New York, NY 10038
By:    Megha Bhouraskar, Esq.

**For the Defendants:**
**RICHARD PU**
120 E. 90th Street, 10c
New York, NY 10128
By:    Richard Pu, Esq.


**Hurley, Senior District Judge:**

       Plaintiff the Resource Mine ("Resource") commenced this action against defendants

Gravity Microsystem LLC ("Gravity USA"), Gravity Microsystem Private Limited ("Gravity

India"), Vinay Prakash Sing ("Vinay"), Vivek Gaur ("Vivek"), and Naveen Kharb ("Naveen")[1]

alleging claims of conversion, breach of contract, and unjust enrichment.  On January 12, 2015,

---
[1] Since plaintiff repeatedly refers to individuals by their first names in its pleadings, the Court will do the same for the sake of consistency.

plaintiff filed an amended complaint in accordance with this Court's adoption of a Report and Recommendation from Magistrate Judge Wall recommending that the Court grant plaintiff leave to add an additional claim for tortious interference of contract against Naveen alone. That amended complaint erroneously asserted the tortious interference claim against Gravity India in addition to Naveen; plaintiff corrected that mistake with the filing of another amended complaint, the operative pleading in this matter, (the "Complaint"), that asserted the tortious interference claim against Naveen only. (*See* Docket Entry ("DE") 77 (note that although plaintiff labeled this the "Third Amended Complaint," it is actually the fourth amended complaint filed in this action).)

Given the filing of the Complaint, the Court provided defendants with an opportunity to request additional briefing on a motion to dismiss already pending before the Court. By letter dated May 21, 2015, defendants sought the Court's permission "to revise their motion papers." (DE 79 at 1.) The Court granted this request, but noted that "to the extent defendants submit new arguments they should be limited to those that relate to the new claims asserted in plaintiff's [Complaint] and not [relate] to claims that were in existence at the time of defendants' original motion to dismiss and could have been asserted at that time." *See* Order of May 29, 2015 ("the May Order). Presently before the Court is defendants' original motion to dismiss[2] plaintiff's claims, supplemented by defendants' revised papers and plaintiff's opposition to those papers. For the reasons set forth below, defendants' motion to dismiss is granted in part and denied in part.

---

[2] It appears that defendants' counsel, who filed all of the original motion papers with the Court, superimposed on plaintiff's original opposition papers, his own comments regarding the plaintiff's arguments. Defendants' response to the plaintiff's opposition obviously should be confined to the reply papers and should not appear on the face of plaintiff's opposition.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history as set forth in Magistrate Judge Wall's Report and Recommendation. (DE 67.)

## DISCUSSION

### I. *Legal Standard*

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; accord *Harris,* 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; accord* Harris, 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner* Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II. The Supplemental Briefing

Defendants' supplemental brief primarily consists of a restatement of arguments already made in their original moving papers. To the extent, defendants submit new arguments relating to claims that were already in existence at the time defendants submitted their original moving papers, the Court has not considered those arguments. The only new argument relating to the newly added tortious interference claim attacks plaintiff for its mistaken assertion of that claim against Gravity India. As discussed, this error has already been corrected through the filing of the Complaint.

## III. Defendants' Arguments for Dismissal

### A. Conversion

As explained in Judge Wall's Report and Recommendation (DE 67) and the Court's prior orders, plaintiff alleges that it entered into a Joint Venture Agreement with Gravity USA, Gravity India, Vinay, and Vivek, pursuant to which Vinay, Vivek, and Gravity India would identify and interview trained computer professionals in India (the "Professionals") for information technology jobs in the U.S. Once Resource approved these Professionals, Resource would hire them and pay for the Professionals' relocation expenses such as work authorizations, visas, and travel, as well as salaries and bonuses. Gravity USA would then collect money from those to whom the Professionals provided services ("Clients") and reimburse Resource for its expenses as well as provide Resource with an additional share of the client monies. However, plaintiff alleges that beginning in October of 2007, Gravity USA began to default on payments to Resource. Plaintiff claims that defendants wrongfully "converted to their own benefit" the monies owed to Resource under the Joint Venture Agreement. (Compl. ¶ 62.) Defendants argue

that plaintiff's conversion claim must be dismissed because plaintiff "fails to allege facts making it plausible that it owned the money in question." (Defs.' Mem. in Supp. at 15.)

"In a conversion claim, a plaintiff must allege: (1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusions of the plaintiff's rights." *Alzheimer's Disease Resource Ctr., Inc. v. Alzheimer's Disease and Related Disorders Ass'n, Inc.*, 981 F. Supp. 2d 153, 163 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). "Although an action in conversion does not lie to enforce a mere obligation to pay money, it is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Id*. (internal quotation marks and citations omitted). However, "[i]f the allegedly converted money is incapable of being described or identified in the same manner as a specific chattel, such as when a customer of a bank deposits funds into an account at the bank, it is not the proper subject of a conversion action." *Id*. at 163-64 (internal quotation marks and citations omitted). Money deposited in a general bank account cannot be sufficiently identified "because a depositor loses (and the bank gains) title to money deposited in a general account at the moment those funds are deposited." *Id*. at 164 (internal quotation marks and citations omitted).

Here, plaintiff alleges that it is owed reimbursement for salaries and expenses out of client monies that Naveen deposited in an HSBC bank account. Money owed to plaintiff deposited into that account is not specifically identifiable. *See id*. Since plaintiff cannot assert any

5

additional facts suggesting that the money deposited in that account is identifiable in the same manner as a specific chattel, this claim is dismissed with prejudice.

B.  **Breach of Contract**

Defendants argue that "with respect to Defendants other than Gravity USA, Plaintiff has failed to allege a breach of contract claim." (Defs.' Mem. in Supp. at 20.) Specifically, defendants argue that only Gravity USA was a party to the Joint Venture Agreement and the two ancillary agreements, the Consultancy Agreement, which governed the mechanics of the placement of the Resource-employed Professionals, and the Professional Management Agreement, which set forth that Resource would provide accounting and bookkeeping services for Gravity USA.

The Complaint alleges that Plaintiff, Vinay, Vivek, Gravity USA and Gravity India were all parties to the Joint Venture Agreement, the terms of which are discussed above. To the extent defendants cite other documents not attached to the Complaint, which they claim support its argument that only Resource and Gravity USA were parties to the Joint Venture Agreement, defendants have not provided any justification for the Court to consider those documents on this 12(b)(6) motion to dismiss, and the Court will not do so. Construing the facts in the light most favorable to the plaintiff, the Complaint sufficiently alleges that Gravity USA as well as Vinay, Vivek, and Gravity India were parties to the Joint Venture Agreement. However, plaintiff's opposition papers fail to address whether these defendants were parties to the other two agreements, nor does the Complaint allege the specific involvement of Vinay, Vivek, or Gravity India in those agreements. (Compl. ¶¶ 38-39.) Therefore, to the extent plaintiff's breach of contract claim is based on Vinay, Vivek, and Gravity India's breach of the Consultancy and Professional Management Agreements, that claim is dismissed without prejudice.

6

With respect to plaintiff's claim that Naveen breached his employment contract, the Complaint alleges that Naveen signed an employment contract with Resource, under which he agreed to "devote his full time and attention to the business and affairs of [Resource] . . . [and] use his best efforts to promote the interests of [Resource]." (Compl. ¶ 44.) Plaintiff alleges that Naveen breached this agreement by opening a bank account in Gravity USA's name in order to divert funds that were rightfully due to Resource into his own hands and those of his co-defendants. Defendants' sole argument for dismissal of this claim is that "the moneys in question belonged to Gravity USA, not to Plaintiff." (Defs.' Mem. in Supp. at 22.) At this stage in the litigation, however, viewing the facts in the light most favorable to the plaintiff, the Complaint sufficiently alleges that Naveen diverted funds owed to plaintiff under the Joint Venture Agreement and that this was in violation of his agreement to use his best efforts to promote the interests of Resource.[3]

### C. Unjust Enrichment

Under New York law, to make out a claim for unjust enrichment, a plaintiff must establish: "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Golden Pac. Bancorp v. Fed. Deposit Ins. Corp.,* 273 F.3d 509, 519 (2d Cir. 2001). "The second and third elements bear emphasizing; in order to be successful, a plaintiff must not only show that a defendant received a benefit, but also that the plaintiff conferred it and that there is some equitable basis for the court

---

[3] The Court will not consider any new arguments defendants raised in their supplemental brief in support of dismissal of the breach of contract claim against Naveen because those arguments could have and should have been made at the time of the filing of the original motion papers.

to compel its return." *OTG Brands, LLC v. Walgreens Co.*, 2015 WL 1499559, at *8 (S.D.N.Y. Mar. 31, 2015).

" 'The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement.' " *Diesel Props. S.R.L. v. Greystone Bus. Credit II LLC.,* 631 F.3d 42, 54 (2d Cir. 2011) (quoting *Goldman v. Metro. Life Ins. Co.,* 5 N.Y. 3d 561, 572 (2005)). It is well settled that "a claim alleging unjust enrichment may not be maintained where there is a valid and express agreement between the parties which explicitly covers the same specific subject matter for which the implied agreement is sought." *MT Prop., Inc. v. Ira Weinstein & Larry Weinstein, LLC,* 50 A.D.3d 751, 752 (2d Dep't 2008). Thus, an unjust enrichment claim is precluded "whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,* 448 F.3d 573, 587 (2d Cir. 2006).

Defendants argue that any unjust enrichment claim against Gravity USA is precluded by plaintiff's breach of contract claim as it governs the same subject matter from which the unjust enrichment claim arises However, in cases where courts have dismissed unjust enrichment claims on this basis, the parties did not dispute that a valid agreement existed between them. *See* for example, *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 389 (1987), a case cited by defendants. Here, however, defendants have not conceded that there was a valid contract between Gravity USA and Resource. Since the validity of the alleged contract between Resource and Gravity USA is still an open question, plaintiff's unjust enrichment claim against Gravity USA will stand.

With regard to Vinay, Vivek, Naveen, and Gravity India, defendants argue that plaintiff "has failed to allege facts making it plausible to believe that such Defendants were unjustly

8

enriched" because "[w]hatever benefit Plaintiff conferred was on Gravity USA" and "[a]ny benefit derived by [the other defendants] from receiving Gravity USA money was conferred by Gravity USA, and not by Plaintiff." (Defs.' Mem. in Supp. at 18.) "[A] plaintiff cannot succeed on an unjust enrichment claim unless it has a sufficiently close relationship with the [enriched] party." *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y. 3d 511, 516 (2012) (discussing the holding in *Sperry v. Crompton Corp.*, 8 N.Y. 3d 204 (2007)). Here, however, viewing the facts in the light most favorable to the plaintiff, plaintiff has alleged a relationship between Resource, Gravity India, Vinay, and Vivek, as discussed above with regard to the terms of the Joint Venture Agreement. Moreover, plaintiff has alleged sufficient facts that those defendants were enriched at the plaintiff's expense by plaintiff's hiring of the Professionals and payment of the expenses incurred in their hiring and training. The facts alleged here are dissimilar to cases where the relationship was found to be too attenuated. *See e.g.*, *Georgia Malone*, 19 N.Y. 3d at 518 (finding that relationship was too attenuated because the parties "simply had no dealings with each other"). The same, however, cannot be said with regard to Naveen. The Complaint does not allege that Naveen was a party to the Joint Venture Agreement and neither the Complaint nor plaintiff's submission set forth that another relationship between Resource and Naveen formed the basis of an unjust enrichment claim. As a result, the unjust enrichment claim against Naveen is dismissed without prejudice.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. To the extent plaintiff wishes to file a fifth amended complaint repleading those claims dismissed without prejudice, it should file a letter with the Court within fourteen days of this Order, expressly stating the facts it suggests would cure the deficiencies set forth above.

9

**SO ORDERED.**

Dated: Central Islip, New York
      December 11, 2015

_____/s/_____
Denis R. Hurley
United States District Judge