UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THE RESOURCE MINE, INC.,

                            Plaintiff,

-against-

GRAVITY MICROSYSTEM LLC, GRAVITY MICROSYSTEM PRIVATE LIMITED, VINAY PRAKASH SINGH, VIVEK GAUR, JOHN DOES 1-10, AND NAVEEN KHARB,

                            Defendants.

**NOT FOR PUBLICATION**
**MEMORANDUM AND ORDER**

9-CV-573

---

LASHANN DEARCY HALL, United States District Judge:

On January 7, 2022, Magistrate Judge Steven Locke issued a report and recommendation (the "R&R"), which recommends that the Court grant in part and deny in part Plaintiff's Motion for Sanctions. (R&R, ECF No. 193.) Specifically, Judge Locke made three recommendations. *First*, Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11 be denied because it was not filed separately from its other sanction motions. *Second*, Plaintiff's motion for discovery sanctions be denied because Plaintiff did not show Defendants acted with bad intent or in bad faith in responding to discovery requests. And, *third*, Plaintiff's motion for contempt sanctions be granted because, by disclosing an expert report to his clients, defense counsel disclosed Plaintiff's Quickbooks information to Defendants in contravention of the Court's January 31, 2017 order[1] directing Defendants to first seek permission from Plaintiff or the Court prior to making such a disclosure.

---

[1] Judge Locke's January 31, 2017 order stated in relevant part:
    Plaintiff will produce Resource Mines['] Quickbooks files to defense counsel and Defendants['] expert Mr. Quintero for review on or before February 14, 2017. If upon review defense counsel

On January 12, 2022, defense counsel lodged objections to the third recommendation. (Defs.' Objs., ECF No. 193.) Specifically, defense counsel argues in conclusory terms that sanctions should not issue because he did not read his expert's report that contained Plaintiff's information prior to sending it to Defendants and thus did not know he transmitted Plaintiff's Quickbooks information. (Defs.' Objs. at 2 (defense counsel states "When I read the report, I only read pp. 1-2 . . . Thus, I never saw that the report had used information that [the expert] should not have had.").) Interpreting defense counsel's "objection" liberally, the Court understands that counsel contends he did not intend to transmit information in violation of Judge Locke's order. Defense counsel's conclusory statements, however, do not rise to the level of "specific" written objections sufficient to trigger de novo review by this Court. Fed. R. Civ. P. 72(b).

In any event, even upon de novo review, the Court agrees with Judge Locke's recommendation. Plaintiff presented clear and convincing evidence that Defendants violated— and made no diligent effort to comply with—the Court's clear and unambiguous January 31, 2017 order. *See New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989) ("A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply.") Indeed, defense counsel's "objection" proves as much. As defense counsel admits, he did not even read his expert's report, despite having somehow

---

believes that certain entries are relevant to the litigation he must first identify all of these entries to [Plaintiff's counsel] so that she may discuss with her clients whether they object to these entries being disclosed to Defendants. Defense counsel will make these disclosures to Plaintiff[']s counsel on or before February 28, 2017. Plaintiff[']s counsel will advise defense counsel whether Plaintiffs have any objections to disclosure to Defendants on or before March 14, 2017. The parties may then submit motions as appropriate after holding a meet and confer.

provided the expert with Plaintiff's Quickbooks materials, prior to disclosing it to his clients. (Defs.' Objs. at 2.) This behavior shows an utter lack of diligence. Accordingly, Defendants' "objection" is overruled.

Having reviewed the R&R for clear error and, finding none, the Court hereby ADOPTS the R&R in its entirety as the opinion of this Court. As recommended by Judge Locke, Plaintiff's motion for contempt sanctions is granted in the amount of $5,000, the amount that Plaintiff expended on a rebuttal report raising concerns with Defendants' improper disclosure. (*See* Pl.'s Mot., Schedule A to Ex. E, ECF No. 162-9; Pl.'s Reply, Ex. E part 2, ECF No. 164-6.)

                                      SO ORDERED.

Dated: Brooklyn, New York        /s/ LDH
       March 31, 2022               LaSHANN DeARCY HALL
                                       United States District Judge