```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THE RESOURCE MINE, INC.,

                          Plaintiff,                    REPORT AND
      -against-                                         RECOMMENDATION
                                                        9-CV-573 (LDH)(SIL)
GRAVITY MICROSYSTEM LLC,
GRAVITY MICROSYSTEM PRIVATE
LIMITED, VINAY PRAKASH SINGH,
VIVEK GAUR, NAVEEN KHARB and
JOHN DOES 1-10

                          Defendants.
----------------------------------------------------------x
GRAVITY MICROSYSTEM LLC,

                          Third-Party Plaintiff

      -against-

DALIP BHUCHAR and
APOORVA VYAS a/k/a ALLEN VYAS,

                          Third-Party Defendants.

----------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable LaShann DeArcy Hall, is Defendant and Third-Party Plaintiff Gravity Microsystem LLC's ("Gravity USA") and Defendants' Gravity Microsystem Private Limited ("Gravity India"), Vinay Prakash Singh ("Singh"), Vivek Gaur ("Gaur"), Naveen Kharb ("Kharb") and John Does 1-10 (collectively "Defendants"), motion for a hearing on the accounting conducted by Plaintiff due to the dissolution of the joint venture at issue in this case. Letter Motion for Hearing on Accounting ("Docket Entry"), DE [206], ("Defendants'

1

Motion" or "Defs.' Mot."). On June 2, 2022, Plaintiff The Resource Mine, Inc. ("Resource Mine" or "Plaintiff") and Third-Party Defendants Dalip Bhuchar ("Bhuchar") and Apoorva a/k/a Allen Vyas ("Vyas") submitted a final accounting completed by Khozem Master, CPA, P.C. *See* DE [207-1]. Thereafter, on July 28, 2022, the Court ordered Defendants to submit an offer of proof "explaining how and why it intends to attack the accounting already submitted to the Court." *See* July 28, 2022 Electronic Report and Recommendation. Defendants filed an offer of proof on August 11, 2022, *see* DE [221], followed by an amended and second amended offer of proof filed on August 15, 2022, *see* DEs [222], [223] and [224],[1] which Plaintiff opposes. *See* Plaintiff's Opposition to Defendants' Amended Offer of Proof, ("Pl. Opp."), DE [225]. On November 2, 2022, this Court held a hearing on the Defendants' offer of proof. *See* DE [234]. For the reasons set forth below, the Court respectfully recommends that Plaintiff's accounting be adopted.

## I. BACKGROUND

### A. Relevant Facts

Defendants Gaur and Singh operated Gravity India from 2003 to 2010, which provided information technology consulting services. *Resource Mine, Inc. v. Gravity Microsystem LLC*, No. 09CV0573LDHSIL, 2020 WL 7024379, at *1 (E.D.N.Y. Nov. 30, 2020). In 2005, Gravity USA was formed as a wholly-owned subsidiary of Gravity

---

[1] While the second amended offer of proof at DE [224] is untimely violating the Court's July 28, 2022 and August 10, 2022 Orders, it is substantially similar to the timely filed offer of proof at DE [221] other than changes to Exhibits 1 and 4. Accordingly, the Court treats DE [224] as Defendants' operative offer of proof for purposes of this Report and Recommendation, and the changes to the exhibits have no bearing on the Court's conclusions.

India. *Id*. Gravity USA had no individuals on its payroll, no capital infusion, no loans taken and no funds raised on its behalf. *Id.*

Resource Mine was a technology staffing company that operated from 2001 to 2010. *See id*. One of its employees in India introduced Gaur and Singh to Bhuchar and Vyas, the principals of Resource Mine in the United States, and in early 2006, Resource Mine entered into a joint venture agreement (the "JVA") with Gravity USA. *Id*. The partners agreed that: (1) Gravity India would identify, hire and relocate potential employees from India to the United States if those employees were capable of being sponsored for immigration purposes; and (2) Resource Mine would apply for H1B visas for employees, manage the payroll and ensure compliance with applicable laws and regulations. *Id*. The JVA distinguished between two types of employees, which it referred to as shared and non-shared "resources." *Id*. at *2. Expenses related to shared resources were offset against any income from joint venture clients and included salaries, taxes, H1B visa application costs and employee travel and housing. *Id*. Any remaining profit was to be split evenly between Resource Mine and Gravity USA. *Id*. For nonshared resources, Resource Mine paid expenses upfront, and Gravity India reimbursed it upon the presentation of invoices. The only employees who were non-shared resources under the JVA were Defendant Kharb and Anupam Jaiswal ("Anupam"). *Id*. Resource Mine was required to pay the salaries of JVA resources even when those employees were not engaged on client projects. *Id*. In addition to the JVA, the parties executed two other agreements: a Professional Management Agreement (the "PMA") and Kharb's employment agreement. *Id*. at *3.

3

The joint venture operated smoothly from 2006 to 2007, but in 2008, payments and reimbursements to Resource Mine for the non-shared resources were in arrears. *Id*. at *2. Between July 2008 and September 2008, Gaur and Singh directed customers to pay them directly to ensure that Resource Mine did not receive payments required under the JVA. *Id*. Kharb, an employee of Resource Mine, assisted Gaur and Singh in opening a new bank account for joint venture customer deposits at HSBC for the purpose of re-routing client payments away from Resource Mine. *See id*. All funds deposited in the HSBC account were funds paid by customers to the joint venture. *Id*. Around this same time, Singh and his wife, a member of Gravity USA, opened a new Citibank account in Gravity USA's name and remitted payments from joint venture customers into the new account. *Id*. Funds were subsequently transferred from both the Citibank and HSBC accounts to Gravity India, and in 2010, Gaur and Singh ceased its operations. *Id*.

### B. Procedural History

By way of Complaint dated February 11, 2009, later modified by an Amended Complaint dated February 23, 2010, a Second Amended Complaint dated November 11, 2010, and a Third Amended Complaint dated January 21, 2015, Resource Mine brought this diversity action against Gravity USA, Gravity India, Singh, Gaur, Kharb and John Does 1-10 for claims of conversion, breach of contract, tortious interference with contract, and unjust enrichment arising from their conduct and the dissolution of the joint venture. *See generally* DEs [1], [26], [46] and [77]. Defendants subsequently brought twelve counterclaims against Resource Mine asserting causes

4

of action for conversion, breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with contract, tortious interference with prospective business advantage, fraud, constructive fraud and an accounting. *See* Answer to Third Amended Complaint and Counterclaim ("Answer and Counterclaims to TAC"), DE [88]. Defendants also alleged eleven third-party claims against Bhuchar and Vayas. *See id.* On December 11, 2015, District Judge Denis R. Hurley dismissed Resource Mine's claims for conversion and breach of certain agreements.[2] *See* DE [86] at 5-7.

This Court was assigned to oversee discovery. *See* July 31, 2014 Electronic Order. After discovery closed, Resource Mine moved for summary judgment on its claims for breach contract against Gravity India, Gravity USA and Kharb, and unjust enrichment against Gaur and Singh. *See* DE [158]. Judge DeArcy Hall concluded that with respect to the JVA, Defendants Gravity India and Gravity USA breached the agreement and were jointly and severally liable in an amount to be determined at trial. DE [166] at 10-11, 15-16. The Court also determined that Defendants Gravity India and Gravity USA breached the PMA and are jointly and severally liable to Resource Mine in the amount of $20,948.61. *Id.* at 16-17. Regarding Kharb's employment agreement, material issues of fact remained preventing resolution at summary judgment. *Id.* at 18-19. Finally, Resource Mine's claim for unjust enrichment was dismissed. *Id.* at 20-21.

---

[2] District Judge LaShann DeArcy Hall was subsequently assigned to this case on January 14, 2016. *See* January 14, 2016 Electronic Order.

5

Plaintiff subsequently moved for summary judgment on all of Defendants' counterclaims and third-party claims. *See* DE [177]. The Court dismissed all of these claims with the exception that Defendants are entitled to an accounting because Resource Mine and Gravity USA were parties to a dissolved joint venture. *See* DE [181] at 16.

On April 1, 2022, Defendants filed a letter motion seeking a hearing on the accounting claim. *See* Defs.' Mot. On June 2, 2022, Plaintiff submitted a final accounting detailing the joint venture's assets and liabilities from inception to dissolution completed by Khozem Master, CPA, P.C. *See* DE [207-1]. It shows that at the time of the joint venture's termination, Gravity USA owed Resource Mine $81,249.72. *See id.* at 3. Judge DeArcy Hall referred the hearing on the accounting to this Court on June 9, 2022. *See* June 9, 2022 Electronic Order. After a conference on July 28, 2022, this Court ordered Defendants to submit an offer of proof prior to the hearing "explaining how and why it intends to attack the accounting already submitted to the Court" by Plaintiff. *See* July 28, 2022 Electronic Report and Recommendation. The Court further directed that "it will not permit Defendants to re-litigate any issue already decided [by] this Court, including the merits of any dismissed counterclaims." *Id.* Defendants submitted an offer of proof on August 11, 2022, *see* DE [221], followed by an amended and second amended offer of proof on August 15, 2022, *see* DEs [222], [223] and [224]. Plaintiff opposes. *See* Pl. Opp. On November 2, 2022, this Court held a hearing on the accounting based on Defendants'

6

submission. *See* DE [234]. For the reasons set forth below, it is respectfully recommended that Plaintiff's accounting be adopted by the Court.

## II. LEGAL STANDARD

"New York law 'provides that partners are entitled to an accounting of a partnership following its dissolution.'" *Yador v. Mowatt*, No. 19-CV-4128(EK)(RML), 2021 WL 4502442, at *5 (E.D.N.Y. Sep. 30, 2021) (quoting *Scholastic, Inc. v. Harris*, 259 F.3d 73, 90 (2d Cir. 2001)); *see also* N.Y. Partnership Law § 74 (McKinney 1988)). "Once the accounting is made, a . . . hearing is held to establish the final amounts owed to the principal." *Wilde v. Wilde*, 576 F. Supp. 2d 595, 608 (S.D.N.Y. 2008); *see Nishman v. De Marco*, 76 A.D.2d 360, 367, 430 N.Y.S.2d 339 (2d Dep't 1980) (other citations omitted). "'An action for an accounting examines the entire period of the partnership,' to determine what property or profits a fiduciary must return." *Sriraman v. Patel*, 761 F. Supp. 2d 7, 23 (E.D.N.Y.), *amended*, 761 F. Supp. 2d 23 (E.D.N.Y. 2011) (quoting *Afloat in France, Inc. v. Bancroft Cruises Ltd.*, No. 03 Civ. 917(SAS), 2003 WL 22400213, *7 (S.D.N.Y. Oct. 21, 2003) (internal quotation and alterations omitted). This is done through expert testimony and supporting documentation as to the parties' calculations. *See Quick v. Quick*, 100 A.D.3d 611, 612-13, 953 N.Y.S.2d 271 (2d Dep't 2012). Then, the court will "'true-up' the partners' individual accounts to make sure that each has been allocated his fair share of partnership distributions, 'fair share' referring to the allocation agreed between the partners or required by law." *Sriraman*, 761 F. Supp. 2d at 17 (quoting N.Y. Partnership Law §§ 40 and 71(a)(I)).

7

### III. DISCUSSION

Applying the standards outlined above, the Court concludes that Plaintiff provided a legally sufficient accounting and Defendants have failed to offer proof to the contrary, and so, it is recommended that Plaintiff's accounting be adopted by the Court. Plaintiff submitted a detailed accounting of the joint venture from the date of formation to the date of dissolution with supporting documentation as to the calculations. *See* DE [207-1]. As a result, the Court ordered Defendants to submit an offer of proof explaining "how and why it intends to attack the accounting," and warned them that they were not permitted to "re-litigate any issue already decided [by] this Court, including the merits of any dismissed counterclaims." *See* July 28, 2022 Report and Recommendation. Defendants' offer of proof, however, fails to address the sufficiency of Plaintiff's proffered accounting, only attempting to discuss the merits of their dismissed breach of contract, fraud and business tort counterclaims. *See* DE [181]. Notably, the offer states that they would call Defendants' expert Ronald Quintero to testify "about the damage sustained from the misappropriation of Gravity clients described above . . . . He will testify as to the damages from the conduct set forth in the preceding evidence." DE [224] at 2. This is in direct contravention of the Court's July 28, 2022 Report and Recommendation by attempting to relitigate the dismissed counterclaims.

Defendants' offer of proof further fails to provide any documentation or proposed expert testimony to the Court challenging Plaintiff's calculations as to the joint venture's total assets or liabilities during its existence, or explain how such a

challenge would be demonstrated. Moreover, at the hearing, the Court gave Defendants another chance to explain how they would attack Plaintiff's accounting or provide their own version of the joint venture's assets and liabilities during its existence, and defense counsel responded that they did not intend to call an accountant to testify or attempt to challenge Plaintiff's accounting. *See* November 2, 2022 FTR Rec. at 12:09:25-12:09:55; 12:11:10-12:13:58. As a result, the Court concludes that Plaintiff has submitted a legally sufficient accounting, and Defendants offer no proof to the contrary in response. Accordingly, the Court recommends adopting Plaintiff's accounting in its entirety.

## IV.   CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's accounting be adopted by the Court.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at \*2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York　　　　／s／ Steven I. Locke
　　　　November 21, 2022　　　　　　STEVEN I. LOCKE
　　　　　　　　　　　　　　　　　　United States Magistrate Judge